UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P86-M

**BRANDON WOMBLES**                                                                       **PLAINTIFF**

v.

**DAVID OSBORNE** *et al.*                                                    **DEFENDANTS**

### MEMORANDUM OPINION

After receiving notice that Plaintiff was released from incarceration, the Court entered an Order directing Plaintiff to file a completed non-prisoner application to proceed without prepayment of fees. In the Order Plaintiff was warned that failure to file a new application to proceed without prepayment of fees within 30 days would result in the Court directing Plaintiff to pay the filing fee in full. After Plaintiff failed to respond to the Order, the Court entered an Order on April 20, 2010, directing Plaintiff to pay the $350.00 filing fee in full within 30 days from the date of entry of the Order. That Order warned that failure to pay the filing fee in the allotted time would result in dismissal of the action. Plaintiff failed to pay the filing fee or to otherwise respond to the Court's Order.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have inherent power "acting on

their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Orders shows a pattern of failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:




cc: Plaintiff, *pro se*
      Defendants
4414.010